**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Qingmei Cui ,
Petitioner,

v.

Fereti Semaia et al.,
Respondents.

Case No. 5:26-cv-03968-AYP

**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner, Qingmei Cui is a native and citizen of the People's Republic of China. Petitioner entered the United States on March 31, 2003, near the California—Mexico border. Shortly thereafter, officers of immigration authorities encountered Petitioner and took her into immigration custody, placing her into removal proceedings. In June 2003, Petitioner was released from immigration custody on bond. Since her release from immigration custody, Petitioner has lived openly in the United States in compliance with the conditions of her immigration bond. Petitioner has a final order of removal

from March 2025. Petitioner has continued to comply with all applicable reporting and release requirements while pursuing post order relief. During this period, Petitioner worked to support herself, paid taxes, regularly attended church, and participated in volunteer activities through her church community. Petitioner has no criminal history.

On June 4, 2026, when Petitioner reported to the ICE office as instructed, ICE informed her that her immigration bond had been canceled and immediately took her back into custody. At the time of Petitioner's re-detention, ICE did not provide Petitioner with written notice explaining why her prior release status was being revoked or why she was being re-detained, nor provide her with a meaningful opportunity to contest the revocation of her prior release status before taking her back into custody. Petitioner has remained detained since June 4, 2026, and is currently detained at the Adelanto ICE Processing Center in Adelanto, California.

On July 16, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release her from immigration detention. (Dkt. No. 1 ("Petition").) In this habeas action, Petitioner challenges the lawfulness of her detention by ICE, arguing that Respondents have violated 8 C.F.R. § 241.1(l) governing the revocation of release, and her procedural and substantive due process rights under the Fifth Amendment by detaining Petitioner without notice, or pre-deprivation hearing and because detention is not reasonably related to the legitimate purposes of civil immigration.

In their Answer, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or

proceedings will be necessary in this matter." (Dkt. No. 8 at 2 ("Answer").) In Petitioner's Reply, she acknowledges Respondents' non-opposition and argues the Court should order her prompt release. *See* Dkt. No. 9.

In light of Respondents' position, the Court finds that as the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested, Petitioner has demonstrated that the Government violated her right to due process by re-detaining her without adequate pre-deprivation process. The Court therefore GRANTS the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing her re-detention absent a constitutionally and regulatory adequate pre-deprivation process including notice of the reasons for revocation of her release and a prompt initial informal interview to afford her an opportunity to respond.

## II. FACTUAL BACKGROUND

Petitioner, Qingmei Cui is a native and citizen of the People's Republic of China. (Pet. at 5.) Petitioner entered the United States on March 31, 2003, near the California—Mexico border. *Id*. Shortly thereafter, officers of immigration authorities encountered Petitioner near the border, took her into immigration custody, and placed her in removal proceedings before an Immigration Judge. *Id*. In June 2003, Petitioner was released from immigration custody after posting a $50,000 immigration bond. *Id*. at 6. Since her release, Petitioner has continuously resided in the United States for more than twenty years. On August 4, 2020, an Immigration Judge denied Petitioner's application for asylum and ordered her removed to the People's Republic of China. *Id*. Petitioner timely appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). *Id*. On March 11, 2025, the BIA dismissed her appeal, rendering her removal order administratively

final.[1] *Id.* On March 6, 2026, Petitioner filed a Motion to Reopen with the BIA, and the motion remains pending. *Id.* Since her release from immigration custody in June 2003, Petitioner has lived openly in the United States in compliance with the conditions of her immigration bond. *Id.* Following the BIAs dismissal of her appeal in March 2025, Petitioner remained released from custody and continued to comply with all applicable reporting and release requirements while pursuing postorder relief. *Id.* During this period, Petitioner worked to support herself, paid taxes, regularly attended church, and participated in volunteer activities through her church community. Petitioner has no criminal history. *Id.*

On April 23, 2026, DHS issued a Notice to Obligor to Deliver Alien, directing the bond obligor to produce Petitioner at the ICE office in Los Angeles for removal related processing. *Id.* On May 27, 2026, in compliance with the notice, Petitioner reported to the designated ICE office. *Id.* At that time, ICE instructed her to report again on June 4, 2026. *Id.* On June 4, 2026, when Petitioner reported to the ICE office as instructed, ICE informed her that her immigration bond had been canceled and immediately took her back into custody. [2] *Id.* At the time of Petitioner's re-detention, ICE did not provide Petitioner with written notice explaining why her prior release status was being revoked or why she was being re-detained. *Id.* Nor did ICE provide Petitioner with a meaningful opportunity to contest the revocation of her prior

---

[1] "Section 1231 governs the Government's authority to detain non-citizens with final orders of removal." *Movsesyan v. Bondi*, No. 5:26-CV-00875-MBK, 2026 WL 712824, at *3 (C.D. Cal. Mar. 9, 2026).

[2] Governing regulations, 8 C.F.R. §§ 241.4(l), 241.13(i), establish the process by which ICE may revoke a noncitizen's release on an OSUP under Section 1231. *See* 8 C.F.R. §§ 241.4(l), 241.13(i). ICE may revoke release when a noncitizen violates a condition of their OSUP, "on account of changed circumstances, [if ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," or certain officials may exercise their discretion to revoke release. *Id.* §§ 241.4(l)(1), § 241.4(l)(2), 241.13(i)(1), 241.13(i)(2). Upon revocation of release, ICE must provide the noncitizen a written copy of the decision "set[ting] forth the reasons for the continued detention." *Id.* § 241.4(d). Additionally, the noncitizen must be "notified of the reasons for revocation," *id.* § 241.4(l)(1), and afforded "an initial informal interview promptly ... to respond to the reasons for revocation stated in the notification," *id.* § 241.13(i)(3).

release status before taking her back into custody. *Id*. Petitioner has been detained since June 4, 2026, and is currently at the Adelanto ICE Processing Center in Adelanto, California. *Id*. at 7.

On July 17, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release her from immigration detention. (Pet.) In their Answer, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Ans.)

## III. PROCEDURAL HISTORY

Petitioner filed a habeas petition on July 16, 2026. (Pet.) Also on July 16, 2026, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. (Dkt. No. 3.) That same day, the Court entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. (Dkt. No. 5.) Respondents filed their Answer on July 23, 2026. (Ans.) Petitioner filed her Reply on July 24, 2026. (Dkt. No. 9.) Thus, the matter is fully briefed.

The Petition was filed after the General Order on April 1, 2026, and the Respondents did not waive their consent, thus the matter has been fully consented. (Dkt. No. 6.)

## IV. DISCUSSION

Petitioner argues that her detention violates the INA and the Due Process Clause of the Fifth Amendment and seeks immediate release under the prior conditions of release. (Pet. at 13.) In their answer to the Petition, Respondents do not address Petitioner's INA and due process arguments. Respondents state that "[they] are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Ans. at 2.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last month, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that her detention without pre-deprivation process violated the regulations governing revocation of release, and her procedural and substantive due process rights and that the proper habeas

remedy is an order of release. (Pet. ¶¶ 38–70.) Her argument is one that has been accepted by numerous courts in this Circuit, including this one. *See, e.g., Gasparyan v. Blanche et al.,* No. 2:26-CV-05139-AYP, 2026 WL 2456687, at *1 (C.D. Cal. July 27, 2026); *Ibanez-Gutierrez v. Adelanto ICE Processing Ctr.,* No. 5:26-CV-02489-AYP, 2026 WL 1772762, at *1 (C.D. Cal. June 17, 2026); *Torres v. Mullin*, No. 5:26-CV-01962-AYP, 2026 WL 1625349, at *1 (C.D. Cal. June 2, 2026).

Respondents did not respond to Petitioner's argument. *See* Ans. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (citation modified).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted. As numerous other

courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Because Respondents do not oppose the Petition and state that "judgment may be entered" in favor of Petitioner, Ans. at 2, the Court finds that the Petition should be granted, and judgment should be entered in favor of Petitioner. In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting Petitioner Qingmei Cui's (A# 096-233-419) Petition; (2) a

writ of habeas corpus be issued requiring Petitioners' immediate release, subject to conditions of supervision that existed prior to her detention on June 4, 2026, along with her personal belongings, including her identification, work permits, and other documentation, and preventing her re-detention absent a constitutionally and regulatory adequate pre-deprivation process including notice of the reasons for revocation of her release and a prompt initial informal interview to afford her an opportunity to respond; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: September 22, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE